## THE CITY OF FAIRFIELD V. RATCLIFF.

1. **Municipal corporation:** SPECIAL ASSESSMENTS. The charter of a municipal corporation, conferred upon it power " to regulate and improve all streets, alleys, sidewalks," etc. *Held* that it conferred no power upon the corporation to levy special assessments against lots for the improvement of sidewalks; but that the moneys expended on such improvements could be raised only by general taxation.

2. —— The power to levy special assessment as well as the power to levy general taxes can be granted only by the legislature. The two powers are separate and distinct.

*Appeal from Jefferson District Court.*

THURSDAY, JUNE 12.

*Robt. F. Ratcliff pro se*, cited Ang. & Ames Corp., §§ 333, 339; *Beatty* v. *Knowler*, 4 Pet., 152; 2 Kent., 296; *Providence Bank* v. *Billings*, 4 Pet., 514; *Judah* v. *The American Live Stock Company*, 4 Ind., 333.

*C. W. Slagle* for the appellant, cited 2 Kent., 277; Ang. & Ames Corp., §§ 325, 336; *Paxton* v. *Swelt*, 1 Greenl. (Me.), 196; *The City of Lowell* v. *Hadley*, 8 Met. (Mass.), 180; *The Burlington and Missouri River Railroad Company* v. *Spearman and the City of Mount Pleasant*, 12 Iowa, 173.

LOWE, Ch. J. — Action to recover of defendant $10.46, the price of labor performed and material furnished by plaintiff, in improving the sidewalk in front of defendant's lot in the city of Fairfield. The power of the city to do the work, and collect the price and value thereof from the proprietor of the lot, is founded upon an ordinance passed by the city authorities on the 4th day of May, 1864, which *inter alia* provides that, when the public interest shall require the same, the city council may order lot owners to construct, in front of their premises, sidewalks, specifying the manner in which the same shall be done, and if it is not constructed within one month after notice given by the owner of the lot, the city supervisor may proceed to do so; and the costs thereof will stand as a special lien or assessment against the lot, which may be collected as other city taxes, or by suit in the name of the city.

The competency of the city to pass such an ordinance and to impose special charges of this description against lots and lot owners under its charter, is denied. And the

court holding the non-existence of the power, the plaintiff appeals.

Section 11 of the charter provides that "said corporation shall have power to regulate and improve all streets, alleys, sidewalks, drains and sewers; to sink and keep in repair public wells, remove nuisances and regulate markets, &c."

Counsel for plaintiff insists that the power in question is derivable from this clause of the charter, not expressly, to be sure, but by fair implication, in view of the ordinary incidents and powers usually exercised by all similar corporations. The unsoundness of this position is apparent from the fact that the exercise of powers by implication is never to be indulged except when necessary to carry out and make operative that which is expressly granted. By its charter, the city is, in this case, expressly authorized to improve sidewalks, and the means afforded it for doing so are the same as that which may be employed in improving the streets and alleys, namely, that of a tax annually assessed for corporation purposes. It follows, therefore, that special assessments for sidewalks, chargeable to particular lots, are not necessary to execute the above express grant of power on the same subject; and therefore not allowable to be exercised by implication or otherwise in the absence of any express authority in the charter for so doing. Between this right to make special assessments for sidewalks, and that of taxation for general corporation purposes, there is, in the judgment of courts, a clear distinction, involving in their exercise essentially different powers and principles, the one being an ordinary tax for defraying the expenses of the municipal government and the general improvement thereof; whilst the other is a special imposition or liability arising out of the benefit conferred upon the property assessed. Hence one is not included in the other, nor can

one be any more exercised than the other, without a grant of authority from the legislature, which frequently and not unwisely confers both powers upon the same city.

Affirmed.