The Buffalo Cemetery Association, Appellant, *v.* The City of Buffalo, Respondent.

A special statute providing for a particular case, as applicable to a particular locality, is not repealed by a statute general in its terms and application, unless the intention of the legislature to repeal or alter the special law is manifest, although the terms of the general act would, if strictly construed, but for the special law, include the case or cases provided for by it.

Accordingly, *held,* that as the right to make assessments upon the lands of cemetery associations in the city of Buffalo, is provided for by the local laws applicable to that city alone (chap. 519, Laws of 1870; chap. 154, Laws of 1871), which authorize an assessment upon such lands for grading an adjoining street, those provisions were not repealed by the act of 1879 (chap. 310, Laws of 1879), which declares that no land actually used for cemetery purposes shall be sold under execution for any tax or assessment; and that such an assessment was valid.

Also, *held,* the fact that said act of 1879 especially excludes the city of Rochester, did not authorize the inference of an intent to repeal the said acts applicable to Buffalo.

Reported below (43 Hun, 127).

(Argued November 27, 1889 ; decided December 10, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made January 25, 1887, which affirmed a judgment in favor of defendant entered on the decision of the court on trial at Special Term.

This action was brought to have a certain assessment imposed by the defendant upon the lands of the plaintiff, for the grading of a street adjoining it's property declared to be void, and the collection thereof perpetually restrained.

The trial court adjudged the assessment valid and dismissed the complaint upon the merits.

*Edmund J. Plumley* for appellant.    By the provisions of chapter 154 of the Laws of 1871, all cemetery lands in the city of Buffalo were made subject to the provisions of section 10 of the "Act to incorporate cemetery associations," passed April 27, 1847. (Laws of 1871, chap. 154, §§ 2, 3; *Buffalo City Cemetery* v. *City of Buffalo,* 46 N. Y. 506 ; *Heckman* v. *Pinkney,* 81 id. 215 ; *People* v. *G. & S. T. Co.,* 98 id. 78 ; *People* v. *Jaehne,* 103 id. 195.)    The acts of 1870 and 1871, referred to under the last point, in no way changed or affected the previously existing provisions of law applicable to assessments upon cemetery lands in the city of Buffalo, as interpreted and construed by the Court of Appeals.    (*Buffalo City Cemetery* v. *Buffalo,* 46 N. Y. 506 ; *Van Denbuhr* v. *Village of Greenbush,* 66 id. 1 ; *People* v. *G. & S. T. Co.,* 98

id. 67; *Stradling* v. *Morgan*, 1 Plowd. 199, 204; *People* v. *Jaehne*, 103 N. Y. 182.) The defendant had no power to make the assessment in question upon plaintiff's land. (Session Laws, 1879, chap. 310; *In re S A. M. E. Church*, 66 N. Y. 398, 400; *In re Cram*, 69 id. 461; *State* v. *Newark*, 36 N. J. 478; *Howard College* v. *Alderman, etc.*, 104 Mass. 470; Laws of 1847, § 10; Laws of 1854, chap. 234, § 9; *Pratt* v. *Munson*, 84 N. Y. 588; *People* v. *G. & S. T. Co.* 98 N. Y. 78; *People* v. *Jaehne*, 103 id. 195; *Horton* v. *Cantwell*, 108 id. 263-4; *People* v. *O'Neil* 109 id. 251; *Anderson* v. *Anderson*, 112 id. 110-111-112; *United States* v. *Claflin* 97 U. S. 546.) It is evident from section 3 of chap. 310 of the act of 1879, that the legislature intended that the provisions of the act should apply to lands in all localities of the State except to those held by the city of Rochester. (*Tinkham* v. *Tapscott*, 17 N. Y. 152, 153; *People* v. *Lacombe*, 99 id. 49; Cooley on Tax'n. [2d ed.] 264-265.) The limitation contained in section 9 of chapter 275 of the Laws of 1880, requiring an action to be brought within one year after the delivery of the assessment-roll to the treasurer, has no application to this case, the making of the assessment being prohibited. (*H. S. F. Ass'n* v. *Mayor, etc.* 47 Hun, 446, 451; *Nat. Bank* v. *Elmira*, 53 N. Y. 49, 54, 58-9; *Jex* v. *Mayor, etc.*, 103 id. 541; *Ferguson* v. *Crawford*, 70 N. Y. 253; *Craig* v. *Andes*, 93 id. 411; *Jackson* v. *Andrews*, 7 Wend. 152; *Livingston* v. *P. I. Co.* 9 id. 511; *In re S. A. M. E. Church*, 66 N.Y. 400; *In re Cram*. 69 id. 461; *H. F. S. Ass.* v. *Mayor, etc.* 4 Hun, 451; *Schoener* v. *Lissauer*, 107 N. Y. 116-17; *Miner* v. *Beekman*, 50 id. 343; *Strang* v. *Cook*, 47 Hun, 46; *People ex rel.* v. *Haupt*, 104 N. Y. 381; *People ex rel.* v. *Hicks*, 105 id. 202.) The limitation clause, in so far as it may be said to have been intended to operate as a bar to the maintenance of this action is obnoxious to the clause of the Constitution which prohibits the taking of a person's property without due process of law. (Constitution, N. Y. art. 1, § 6.) Under defendant's charter, an action in equity is the proper remedy. (Laws of 1880, chap. 275, 413, §§ 8, 9; *Rumsey* v. *Buffalo*, 97 N. Y. 114; *T. G.*

*Sem.* v. *Cramer,* 98 id. 121; *Stewart* v. *Crysler,* 100 id. 378.) " The power to impose a tax on real estate and to sell it when there is a failure to pay the tax is high prerogative, and should never be exercised where the right is doubtful." (*Jex* v. *Mayor, etc.,* 103 N. Y. 536; *Beatty* v. *Knowler,* 4 *Pet.* 170; *Wright* v. *Briggs,* 2 Hill, 76; *Sharp* v. *Spier,* 4 id. 84–86; *O'Donnell* v. *McIntyre,* 37 Hun, 618; *Brevoort* v. *Brooklyn,* 89 N. Y. 133.)

*Frank C. Laughlin* for respondent. The general rule of law is that all property shall bear its just proportion of the burden of taxation; all property is subject to taxation and the sovereign power cannot be held to have relinquished its right to tax, except by clear and unmistakable language, and the burden of establishing the exemption is on the party claiming it. (Cooley on Tax. [2d ed.] 203, 204, 205, 207; Desty on Taxation, 132, 136.) The charter of the plaintiff does not exempt its lands from the assessment complained of. (Laws of 1870, chap. 519, §§ 7, 10; *Take* v. *Trustees, etc.,* 4 Denio, 520; *Baldwin* v. *City of Oswego,* 2 Keyes, 132; *McCollough* v. *Mayor, etc.,* 23 Wend. 458; *B. C. Cemetery* v. *City of Buffalo,* 46 N. Y. 506; *Richardson* v *City of Brooklyn,* 34 Barb. 569; *Baker* v. *City of Utica,* 19 N. Y. 326; Laws of 1847, chap. 133, § 10.) The lands of the plaintiff, lying within the limits of the city of Buffalo, are subject to the provision of the charter of the city of Buffalo which provides that the expense of paving streets shall be defrayed by local assessments and that no lands in said city shall be exempt therefrom. Laws of 1870, chap. 519, § 21; *People* v. *O'Brien,* 38 N. Y. 193; *People* v. *Sup'rs.* 43 id. 10; *Huber* v. *People,* 49 id. 132; Laws of 1870, chap. 519, §§ 7, 10, 21; *VanDenbury* v. *Village of Greenbush,* 66 N. Y. 1; *Whipple* v. *Christian,* 80 id. 523; *McKenna* v. *Edmanstone,* 91 id. 231; *Fitzgerald* v. *Chapneys,* 2 John. & H. 31; *Purnell* v. *W. N. W. W. Co.* 10 C. B. [N. S.] 575; *Matter of Goddard,* 94 N. Y. 544; *Matter of Evergreens,* 47 id. 216; *Rounds* v. *Waymath Burough,* 81 Pa. 395; *Wood* v. *Com'rs.* 58 Cal. 561; *City of Harrisburgh* v. *Sheck,* 104

Pa. 53; *People ex rel* v. *Sup'rs.* 40 Hun, 353; *In re Knaust,* 101 N. Y. 183; *Burnham* v. *Onderdonk,* 41 id. 425; *Mc Vey* v. *Mc Vey,* 51 Mo. 406; *Covington* v. *City of East St. Louis,* 78 Ill. 548; *In re Cruger,* 89 N. Y. 401; *Mark* v. *State,* 97 id. 572; *People* v. *Bd. of Sup'rs.* 103 id. 547; 19 Viner's Abridg. 525; *McCarter* v. *O. A. Soc.,* 9 Cow. 437; *Williams* v. *Potter,* 2 Barb. 316; *Fitzgerald* v. *Chapneys,* 2 Johns. & H. 31; *Whipple* v. *Christian,* 80 N. Y. 523; *McKenna* v. *Edmanstone,* 91 id. 231; 4 N. Y. S. R. 229; *Burnham* v *Onderdonk,* 41 N. Y. 425; Laws of 1811, chap. 154; *People* v. *O'Brien,* 38 N. Y. 193; *In re. N. Y. El. R. R. Co.* 70 id. 327–349; *People* v. *Super.* 43 id. 10; *Huber* v. *People,* 49 id. 132.) Assuming that the lands of the plaintiff were exempt from assessment, that furnishes no ground for a suit in equity. (*Wells* v. *City of Buffalo,* 80 N. Y. 253; *Phelps* v. *Mayor, etc.,* 20 N. Y. S. R. 238; 112 N. Y. 216; *Diefeithaler* v. *Mayor, etc.,* 19 N. Y. S. R. 126; Laws of 1870, chap. 517. §§ 24, 29, 36.)

Parker, J. The conclusion of the courts below as to the validity of the assessment in question is in accord with the result at which we have arrived. In the opinions written at both Special Term and the General Term, the proposition involved was so thoroughly considered as to require but little discussion in this court. It is not questioned but that prior to the passage of chapter 310 of the Laws of 1879, the local authorities possessed the power of making an assessment for grading and paving adjoining plaintiff's premises. It was so determined by this court in the case of the *Buffalo City Cemetery* v. *City of Buffalo,* (46 N. Y. 506). But the act refered to is a general act and declares that no land actually used for cemetery purposes shall be sold under execution for any tax or assessment. If that act be applicable to lands owned and used for cemetery purposes within the limits of the city of Buffalo, the assessment in question is unlawful. The act of 1879 did not in terms repeal other statutes then existing. Whether it did repeal by implication the local and special acts authorizing the assessment in question is therefore one of

legislative intent. It is a rule of construction that a special statute providing for a particular case, or applicable to a particular locality, is not repealed by a statute general in its terms and application ·unless the intention of the legislature to repeal or alter the special law is manifest, although the terms of the general act would, taken strictly and but for the special law, include the case or cases provided for by it. (*Van Denburgh* v. *Village of Greenbush*, 66 N. Y. 1; *Whipple* v. *Christian*, 80 id. 525.)

A brief reference to the statutes discloses that at the time of the passage of the act referred to, an assessment of the character of the one in question was authorized by local statutes relating to lands within the limits of the city of Buffalo.

The plaintiff was incorporated pursuant to chapter 234 of the Laws of 1854, entitled "An act to incorporate The Buffalo Cemetery Association." By chapter 519 of the Laws of 1870, the charter of the city of Buffalo was revised, and therein it was provided that "no lands in the city shall be exempt from local assessments, any statute to the contrary nothwithstanding."

Thereafter was enacted chapter 154 of the Laws of 1871, entitled "An act to amend the charter of The Buffalo City Cemetery· Association," and to restore the exemptions of cemeteries in said city from local assessment." The second section provided that the lands of cemetery associations in the city of Buffalo shall be exempt from taxes, rates and assessments to the extent provided in section 10 of "The act to incorporate cemetery associations," passed April 27, 1847. The third section provided that such exemptions shall not apply to assessments for grading or paving such parts of streets or· sidewalks as shall be in front of and bounded upon the lands· of said cemetery associations. .

It is apparent, therefore, that the right to make an assessment against the lands of cemetery associations within the limits of the city of Buffalo, was provided by local laws applicable to that city alone. Therefore, within the rule laid down in the cases cited *supra*, the legislature will not be pre-

sumed to have intended their repeal by the enactment of chapter 310 of the Laws of 1879, unless such intention is manifest.

Our attention is called to but one feature of the enactment from which it is claimed an inference of an intention to repeal the local act can be drawn. It is claimed that such intent is inferable, from the fact that the city of Rochester is expressly excluded from its provisions. We think *McKenna v. Edmundstone* (91 N. Y. 231), is authority for denying that the exception affords an inference of such intention.

The judgment should be affirmed.

All concur, except BRADLEY and HAIGHT, JJ., not sitting.

Judgment affirmed.