Pratt, J., concurred ; Dykman, J., not sitting.

Order setting aside report of commissioners reversed, with costs and disbursements, and report confirmed.

In the Matter of the Application of The People of the State of New York ex rel. John F. Dobson, to Compel the Fire Commissioners of the City of Brooklyn to Fix His Salary, etc.

*Brooklyn fire department* — 1892, *chapter* 710.

Chapter 710 of the Laws of 1892 did not repeal the provisions of the charter of the city of Brooklyn in relation to the salaries of the members of its fire department.

Appeal by the relator, John F. Dobson, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 5th day of August, 1893, denying his application for a writ of mandamus to compel the fire commissioners of the city of Brooklyn to fix his salary at not more than $2,500 nor less than $1,800 per annum.

*John A. Quintard* and *William P. Pickett*, for the relator.

*Almet F. Jenks*, for the respondent, the People.

Barnard, P. J.:

The relator is a member of the fire department of the city of Brooklyn. By the charter of the city (Chap. 583, Laws of 1888) the compensation of the relator was provided for. (§§ 5, 6, tit. 13.) In 1892 the Legislature passed this act :

" Chapter 710.

"An act in relation to the compensation of the officers of the uniformed force of the fire department in all cities of the State

having, according to the last census, a population exceeding nine hundred thousand.

"Approved by the Governor May 20, 1892.   Passed, three-fifths being present.

" *The People of the State of New York, represented in Senate and Assembly, do enact as follows:*

" Section 1. The board of fire commissioners in all cities of this State having, according to the last census, a population exceeding nine hundred thousand, are hereby authorized and empowered, with the approval of the board of estimate and apportionment, to fix and determine from time to time the salary of the members of the fire department; the chief of the department, whose salary shall not be more than six thousand dollars nor less than five thousand dollars, and the two deputy chiefs, whose salary shall not be more than forty-five hundred dollars nor less than thirty-five hundred dollars, and the chiefs of battalion, whose salary shall not be less than twenty-seven hundred and fifty nor more than three thousand five hundred dollars; and to captain or foreman of the department, whose salary shall not be more than twenty-five hundred dollars nor less than eighteen hundred dollars, and to assistant foreman or assistant captain, whose salary shall not be more than eighteen hundred dollars nor less than fifteen hundred dollars.

" § 2. The pay or compensation mentioned in the foregoing section shall be paid monthly to each person entitled thereto, subject to such deduction for and on account of lost sick time, disability, absence at fires as the said board may by rules and regulations from time to time prescribe and adopt.

" § 3. All acts and parts of acts inconsistent with this act are hereby repealed.

" § 4. This act shall take effect immediately."

This law did not repeal the provisions of the charter in respect to the relator.   Such is the general rule.   (*McKenna* v. *Edmundstone*, 91 N. Y. 231.)

There was a lien law in this case applicable to New York county only.   Subsequently a general lien law was passed applicable to the cities of the State.   The Court of Appeals held that the local law was not repealed by the general law governing a lien in the cities of the State.   The State rule was approved in *Van Denburgh* v. *The*

*Village of Greenbush* (66 N. Y. 1); *Buffalo Cemetery Association* v. *City of Buffalo* (118 N. Y. 61).

The act of 1892 was a general statute. (*Matter of The Evergreens*, 47 N. Y. 216.)

It purports to apply to all cities having a certain population in the State. There is no legislative intent to repeal the charter contained in the language of the law. By chapter 218, Laws of 1887, a law was passed in the same general terms applicable to cities of over 900,000 population. That act recited correctly the officers in the city of New York which was the only city, in fact, having that population at that time. The law of 1892 denotes correctly the officers of the New York fire department and fails to declare the Brooklyn city officers who govern and operate that department. Brooklyn has no board of fire commissioners, but one commissioner of fire. There are no chiefs or deputy chiefs, or captains or assistant captains in Brooklyn, and no board of estimate or apportionment. There is a board of estimate only. There exists a foreman in New York and Brooklyn, but this is entirely insufficient to compel the execution of a law clearly applicable in all its parts to New York only.

The order should be affirmed, with costs and disbursements.

PRATT, J., concurred.

Order affirmed, with costs and disbursements.