THE CITY OF BUFFALO, Plaintiff, *v.* ALFRED H. NEAL, Defendant.

*Statutes — repeal by implication — repugnancy — payment of fines to county treas-*
*urers — Laws of 1891, chap.* 105, § 385 ; 1892, *chap.* 686, § 233.

A repeal of a statute by implication is not favored, and the provisions of a local or special act will not be deemed repealed by a later general enactment, unless it is manifest that such is the legislative intent, although the provisions of the latter are in terms sufficiently comprehensive to embrace the subject of the special or local one, and in its absence would do so.

To effect the repeal by implication of the provisions of a statute by those of a subsequent one, it is sufficient that they are *necessarily* repugnant. This does not follow merely because they cover the same subject, and in the absence of either the other would be operative upon it. The repugnancy which has the effect to repeal provisions of a former statute is dependent upon the intent of the latter one as manifested in its purpose.

The provisions of the Buffalo city charter (Laws of 1891, chap. 105, § 385), direct-ing the keeper of the Erie County Penitentiary to pay over such fines as he should collect to the city treasurer of Buffalo, was repealed by implication by section 233 of chapter 686 of the Laws of 1892, a general act known as "the County Law," which directs any county officer who shall receive any such fines to pay them to the county treasurer.

WARD, J., dissenting.

SUBMISSION of a controversy upon the following agreed statement of facts, under section 1279 of the Code of Civil Procedure.

" WHEREAS, a controversy exists between the City of Buffalo of the one part, and Alfred H. Neal of the other part, as follows:

The City of Buffalo claims that said Alfred H. Neal is indebted unto it in the sum of $5,546.05, being the amount of fines and penalties collected by him from prisoners duly sentenced to the Erie County Penitentiary, of which he is keeper, for violation of ordinances of the City of Buffalo, which he has failed and neglected to pay over unto said city; and

" WHEREAS, upon his part, the said Alfred H. Neal claims that he is not liable to pay said fines and penalties, or any of them, over unto the said city; and

" WHEREAS, the said parties have agreed to submit the said controversy to the Supreme Court of the State of New York, Fifth Department, under the provisions of Art. 2 of title II of Chap. II of the Code of Civil Procedure.

" Now, therefore, the following facts are conceded and stipulated by said parties for the purpose of such admission, to wit:

" *First.* That the plaintiff, the City of Buffalo, is a domestic corporation, duly incorporated by and under the laws of the State of New York, being Chapter 105 of the Laws of 1891.

" *Second.* That the defendant, Alfred H. Neal, is and at all the times hereinafter mentioned was keeper of the Erie County Penitentiary, duly elected, qualified and acting as such, which penitentiary is located in the city of Buffalo aforesaid.

" *Third.* That from the tenth day of April, 1894, to the first day of January, 1895, inclusive, the defendant, Alfred H. Neal, as such keeper of the Erie County Penitentiary, collected and received from prisoners duly committed to said Erie County Penitentiary on executions duly issued upon judgments for fines, duly imposed and entered against such prisoners, within the city of Buffalo, by justices of the police of the city of Buffalo, fines and penalties theretofore duly imposed by such justices to the extent and amount of $5,546.05, such prisoners having been delivered to said keeper upon such executions and upon the failure of the prisoners to pay the judgment and fines, and said defendant has not paid over said sum or any part thereof to the treasurer of the city of Buffalo, but retains the same in his possession.

" *Fourth.* The questions submitted to this court upon this case

are as follows: Was it and is it the duty of the defendant, Alfred H. Neal, as such keeper of the Erie County Penitentiary, to pay over said fines and penalties to the treasurer of the city of Buffalo, every week, pursuant to the provisions of section 385 of the charter of the city of Buffalo, which provides as follows: 'All fines and penalties imposed by any or either of the justices to* the police, collected by them or the keeper of the Erie County Penitentiary, or otherwise, shall be paid over every week by the person receiving the same to the treasurer of the city of Buffalo, and be by said treasurer credited to the police fund of said city for the use and benefit thereof.'

"Or was it and is it his duty to pay said moneys over to the treasurer of Erie county, pursuant to the provisions of sections 233 and 234, chap. 686 of the Laws of 1892, which became of force May 18th, 1892, and which are as follows:

"'Sec. 233. Annual report of county officers.— Each county officer who shall receive, or is authorized by law to receive, any money on account of fines or penalties, or other matter in which his county or any town or city therein shall have an interest, shall annually make a written report to the board of supervisors of his county, verified to be true, bearing date the first day of November, stating the time when and the name of every person from whom such money has been received, the amount thereof, on what account received, and the sums remaining due and unpaid, and if no such money has been received his report shall so state. Such report shall be filed with the clerk of the board on or before the fifth day of November, and no such officer shall be entitled to receive payment for his services unless he shall file with the supervisors, or other officers performing their duties, his affidavit that he has made such report and paid over all moneys which he is required to pay over; within ninety days after receiving any such money, such officer shall pay the same, without any deduction, to the treasurer of his county, who shall execute duplicate receipts thereof, one of which he shall deliver to the person paying the money, and attach the other to his annual report herein required; but nothing herein shall be construed to apply to moneys received by any town or city officer in his official capacity as such, specially appropriated for any town or city purpose.

---

*So in original.

" ' Sec. 234. Recovery and disposition of moneys.— The district attorney shall sue for and recover in behalf of and in the name of his county the money received by any officer for or on account of his county or any town or city therein, and not paid to the county treasurer, as herein required.

" ' All moneys belonging to any town or city in such county which shall be received by the county treasurer shall be distributed to the several towns or cities entitled to the same by resolution of the board of supervisors, which shall be entered in the minutes of its proceedings.'

" *Fifth.* The plaintiff claims and contends that it was and is the duty of the defendant to pay said moneys over to the treasurer of the plaintiff pursuant to the provisions of its charter above quoted, and the defendant claims and contends that it was and is his duty to pay said moneys over to the treasurer of the county of Erie pursuant to the provisions of law above quoted.

" *Sixth.* If the court decides that it was the duty of the defendant to pay said moneys over to the treasurer of the plaintiff, then judgment is to be rendered in favor of the plaintiff and against the defendant for said sum without costs ; and if the court decides that it was not the duty of the defendant to pay said moneys over to the treasurer of the plaintiff, then judgment is to be rendered in favor of the defendant without costs.

" *Seventh.* It is expressly understood and agreed that the plaintiff, by consenting to stipulate this case, does not waive any right or cause of action it may have against the defendant to recover fines or penalties previously collected and received by the defendant, nor shall the bringing of this action or the judgment or determination hereof be treated as a defense or bar to any action that may be brought against the defendant by plaintiff on account of such previously collected fines and penalties.

" In testimony whereof, the city of Buffalo has caused these presents to be subscribed by its corporation counsel, Frank C. Laughlin, pursuant to a resolution of the common council, and the defendant has hereunto set his hand this fourth day of January, 1895.

" CITY OF BUFFALO,

By FRANK C. LAUGHLIN, its Corporation Counsel.

" A. H. NEAL."

The submission was accompanied by the required affidavit of one of the parties, and was duly acknowledged.

*Frank C. Laughlin*, for the plaintiff.

*James L. Quackenbush*, for the defendant.

BRADLEY, J. :

The defendant, as keeper of the Erie County Penitentiary, received during a specified period $5,546.05 from prisoners committed to that institution by virtue of executions issued on judgments for fines imposed and entered against them within the city of Buffalo by justices of the police of that city on the failure of the prisoners to pay the judgments.

The defendant retains that money in his possession. Whether or not it is the duty of the defendant to pay that money to the treasurer of the city of Buffalo is the question to be determined. By the charter of the city it is provided that " all fines and penalties imposed by any or either of said justices, collected by them or the keeper of the Erie County Penitentiary, or otherwise, shall be paid over every week by the person receiving the same to the treasurer of the city of Buffalo, and be by said treasurer credited to the police fund of said city for the use and benefit thereof." (Laws 1891, chap. 105, § 385.)

The duty of the defendant to pay the money to the treasurer of the plaintiff would not be questioned if it were not for a later statute which provides that " each county officer who shall receive or is authorized by law to receive any money on account of fines or penalties or other matter in which his county or any town or city therein shall have an interest, shall annually make a written report to the board of supervisors of his county, verified, to be true, bearing date the first day of November, stating the time when and the name of every person from whom such money has been received. * * * Such report shall be filed with the clerk of the board on or before the fifth day of November, and no officer shall be entitled to receive payment for his services, unless he shall file with the supervisors, or other officers performing their duties, his affidavit that he has made such report, and paid over all moneys which he is required to pay over; within ninety days after receiving any such money, such

officers shall pay the same without any deduction to the treasurer of his county, * * * but nothing herein shall be construed to apply to moneys received by any town or city officer in his official capacity, as such, specially appropriated for any town or city purpose." (Laws 1892, chap. 686, § 233.)

Also "The district attorney shall sue for and recover, in behalf of and in the name of his county the money received by any officer for or on account of his county, or any town or city therein, and not paid to the county treasurer as herein required. All moneys belonging to any town or city in such county, which shall be received by the county treasurer, shall be distributed to the several towns or cities entitled to the same by resolution of the board of supervisors which shall be entered in the minutes of its proceedings." (Id. § 234.)

The keeper of the Erie County Penitentiary is a county officer, and if the provisions of the last-mentioned act are applicable to him in respect to the fund in question his duty is to pay it to the treasurer of that county. This cannot be so unless these provisions of the charter before mentioned, so far as relate to the manner of receiving the money, were rendered inoperative by force of those of the later act. It is the well-settled and prevailing rule applicable to the construction and effect of statutes in their relation to each other that repeal by implication is not favored, and that the provisions of a local or special act will not be deemed repealed by a later general enactment unless it is manifest that such is the legislative intent, although the provisions of the latter are in terms sufficiently comprehensive to embrace the subject of the special or local one, and in its absence would do so. (*In Matter of the Evergreens*, 47 N. Y. 216; *Matter of Comrs. of Central Park*, 50 id. 493; *People* v. *Quigg*, 59 id. 83; *Whipple* v. *Christian*, 80 id. 523; *Buffalo Cemetery Assn.* v. *City of Buffalo*, 118 id. 62.)

The act of 1892 is known as "the County Law." It was intended as a codification of the laws on the subject to which it relates, and thus to embrace the entire statutory system, governmental and otherwise, of the counties of the State other than the county of New York, in a single chapter. And by its provisions in question the purpose evidently was to render the action of this class of officers of the several counties subject to the supervision of the board of

supervisors so far as relates to moneys which should come into their hands whatever should be the ultimate disposition of the funds. By their terms those provisions appear to be no less applicable to Erie county than to other parts of the State. There is, therefore, an apparent repugnancy. The plaintiff's charter provides that such money so received by the keeper of the Erie County Penitentiary shall be paid by him to the city treasurer weekly, while the later general act provides that he shall pay such moneys to the county treasurer. There is nothing in the act of 1892 other than in its general scope and purpose bearing upon the question whether it has superseded the provisions in question of the city charter.

But to effect the repeal by implication of provisions of a statute by those of a subsequent one, it is sufficient that they are *necessarily* repugnant. This does not follow merely because they cover the same subject and in the absence of either the other would be operative upon it. The repugnancy which has the effect to retire provisions of the former statute, is dependent upon the intent of the later one as manifested in its purpose.

In determining the question of the comprehensive effect intended by the act of 1892, the fact that it was designed as a code of statutory law relating to the counties of the State is entitled to some consideration. In *Harrington* v. *Trustees of Rochester* (10 Wend. 547) the question whether the Revised Statutes upon the subject of excise operated to repeal a provision upon the same subject in the prior act incorporating the village of Rochester, the court, by Mr. Chief Justice SAVAGE, there said: "The repugnancy is apparent, and the consequence of that repugnancy is palpable;" that the Revised Statutes " are a new code of laws and were intended by the Legislature to supersede existing laws which were repugnant to them." And it was held that such was the effect of the provisions there in question.

In *People* v. *Supervisors* (73 N. Y. 173) it was held that a general act limiting the compensation to which county treasurers should be entitled on account of moneys derived from State taxes operated to repeal local acts upon the subject because it was intended to be applicable to the entire State; and it was there said, " it is a rule that where there are no words of explicit repeal in a later act it does not repeal by implication a former act unless the later enact-

ment is so repugnant to the former as that they both cannot exist together. This rule applies in an especial manner where the former enactment is local and the later one is general. Yet if it is plain that the Legislature meant to make a new and exclusive rule for the whole State and for all cases, the local act must yield to the later general act." This proposition, in substance and effect, has the sanction of repeated judicial authority. (*People ex rel. Killeen* v. *Angle,* 109 N. Y. 564, 575 ; *Anderson* v. *Anderson,* 112 id. 104 ; *Matter of Washington St., A. & P. R. R. Co.,* 115 id. 442 ; *Matter of N. Y. Institution,* 121 id. 234 ; *Cromwell* v. *MacLean,* 123 id. 474, 485.) The act of 1892 was designed as a consolidation and revision of all the statute law relating to the entire State except the county of New York, and to provide a system comprehensive and complete in relation to all the counties embraced within its provisions. And in respect to the subject-matter in question, those and the provisions in question of the charter of the city of Buffalo cannot stand together.

While those of the later act do not affect any substantial right of the city in respect to the money in question, it does provide a different method of transmission of it from the county officer to the city treasury. It may possibly be attended with more delay than formerly, and the change of method may be unimportant in its reason and purpose. But the view here taken is that the county of Erie is not excepted from the operation of the later statute in any respect, and that such provision of the city charter is superseded by it.

The defendant is, therefore, entitled to judgment, without costs.

DWIGHT, P. J., and LEWIS, J., concurred.

WARD, J. (dissenting) :

The fines and penalties specified in this submission belong to the city of Buffalo, whether paid into the city treasury by the keeper of the Erie County Penitentiary in the manner required by the charter of the city, or whether they come to the city through the circumlocution of chapter 686 of the Laws of 1892. The most natural and reasonable way would be as provided by the charter, that being a direct way, and the money is paid over, substantially, as soon as it is received by the keeper. By the other process the keeper must pay over the money to the county treasurer within

ninety days after its receipt, keep an account of it and make an annual report to the supervisors of the county, and then they, by a resolution, shall turn it over to the city. It is claimed by the defendant that chapter 686 became a law after the adoption of the Buffalo charter, and consequently was the latest declaration of the legislative will upon the subject, and is controlling, it being an implied repeal of the provision of the charter as to the manner of the payment of this money by the keeper. Chapter 686 is a general statute affecting the whole State, and is entitled " An act in relation to counties, constituting chapter 18 of the general laws." It is what is generally known as " The County Law," and its purpose was to embrace statutes of the State affecting the government of counties, as such, and does not assume to be a revising statute, otherwise, nor does it assume to repeal any laws affecting the government of cities or otherwise, except as set forth in " the schedule of laws repealed " appended to said County Law, and made a part thereof, and in such schedule we do not find the repeal of this provision of the Buffalo charter. We must assume, therefore, that as this County Law specially designates the statutes which it is intended to repeal, that the Legislature, in enacting it, did not intend to repeal, by implication, the section of the charter under which the plaintiff claims.

Repeals by implication are not favored.

And it is well settled that a special and local statute providing for a particular case, or class of cases, is not repealed or amended as to some of its provisions by a statute general in its terms, provisions and applications, unless the intent to repeal or alter *is manifest*, although the terms of the general act would, but for the special law, include the cases provided for by the latter. (*In the Matter of the Application of Commissioners, etc., Relative to Opening Avenues in New York City*, 50 N. Y. 493; *People* v. *Quigg*, 59 id. 83; *Buffalo Cemetery Association* v. *City of Buffalo*, 118 id. 61; *James* v. *Sammis*, 132 id. 239; *Aldinger* v. *Pugh*, 57 Hun, 181; *In the Matter of the Application of Brown* v. *The Board of Aqueduct Commissioners of New York*, 60 Hun, 98; *Harrington* v. *Trustees of Village of Rochester*, 10 Wend. 552; *Van Denburgh* v. *The Village of Greenbush*, 66 N. Y. 1; *Whipple* v. *Christian*, 80 id. 523.)

In the last two cases it was held that the lien laws affecting special localities and counties were not repealed by a general lien law of the State subsequently passed, in the absence of repealing clauses to that effect.

The learned counsel for the defendant cites several cases, which mainly relate to the effect of subsequent general statutes upon prior general ones, and where the courts hold that when the Legislature manifests a design to embrace the subject-matter of the former statute in the latter, the former is repealed by implication. These cases do not aid us.

Section 385 of the Buffalo charter was, therefore, in full force at the time that the moneys sought to be recovered from the defendant were received by him, and constitutes the guide of his action.

It is true that section 234 of chapter 686 (the County Law) requires that the county treasurer shall distribute all moneys belonging to any town or city in such county received by him as the board of supervisors shall direct.

This can only refer to such moneys as the treasurer is entitled to receive under the County Law, and as by the charter this money does not go into the hands of the county treasurer at all, the provision of the act of 1892 has no application.

There is no such incongruity between the provisions of the city charter and that of the provisions of the general County Law as prevents their standing and being enforced together.

As to this particular police fund the charter prevails and the money must be paid to the city treasurer according to its provisions.

It follows from these views that the plaintiff should have judgment under the stipulation for the sum of $5,546.05, but, under the stipulation, without interest or costs. Costs are not to be awarded to either party.

Judgment directed for defendant, without costs.