(13 App. Div. 587.)

## LEWIS v. CITY OF SYRACUSE.

(Supreme Court, Appellate Division, Fourth Department. January 27, 1897.)

STATUTES—GENERAL AND SPECIAL LAWS.

The provision of Laws 1886, c. 572, § 1, that an action against a city for personal injuries must be commenced within one year after the cause of action accrues, is rendered inapplicable to actions against the city of Syracuse by Laws 1888, c. 449, re-enacting section 250 of the charter of that city as it was amended in 1885, which provides that notice of the injuries sued for must be served on the city within six months, and the action commenced within one year after service of the notice. Green, J., dissenting.

Appeal from circuit court, Onondaga county.

Action by James Lewis against the city of Syracuse to recover for personal injuries by reason of a defective sidewalk. From a judgment entered on a verdict in favor of plaintiff for $500, and from an order denying a motion for a new trial on the minutes, defendant appeals. Affirmed.

This action was brought by the plaintiff to recover damages which he claims to have sustained in consequence of falling upon a plank sidewalk located on the southerly side of Wilkinson street, in the city of Syracuse, which walk, as he alleges in his complaint, was in a defective condition, and was suffered to remain in such condition by the negligent omission of its duty upon the part of the defendant. It appears that at the point where the accident occurred, which was in front of a house occupied by a man by the name of Cornue, a walk had been constructed of planks about four feet in length, from the outer or northerly side of the sidewalk up to the front door of the Cornue house. These planks rested upon three stringers,—one at either end and one in the center,—and ran parallel with the street, and, as thus placed, constituted a portion of the sidewalk. Upon the evening of the 20th of October, 1893, the plaintiff, in company with two other men, by the name of Donovan and Flaherty, started to walk over these planks on his way home from the place where he had been at work during the day. The plaintiff walked upon the outer side of the walk, with Flaherty upon his left side and Donovan a few feet ahead of him. As Donovan stepped upon the end of one of these planks, it tipped up, and the end next to the plaintiff struck the latter upon the ankle, so that he tripped and fell, breaking his right wrist, and otherwise injuring himself to such an extent that he was more or less disabled for a period of about eight months. The action was not commenced until March 4, 1895,—more than a year subsequent to the occurrence of the accident.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Charles E. Ide, for appellant.
D. F. McNennan, for respondent.

ADAMS, J. The record before us seems to fairly establish the fact that the plaintiff received the injuries of which he complains at the time and place testified to by him and his witnesses, and that such injuries were the result of a defective condition of the sidewalk at the point where he tripped and fell. But there is no evidence in the case, nor was any attempt made upon the trial, to establish the fact that the defendant had received actual notice of the defective condition of this walk. Some evidence, however, was given tending to show that the stringers upon which the planks rested were more or less decayed, and that the planks themselves had been loose for several weeks prior to the day the accident oc-

curred.    The evidence upon this branch of the case is not, perhaps, sufficient to carry absolute conviction to one who reads it in print; but we are inclined to think, upon the whole, that, if regarded as credible by the jury, it was of a character to justify them in drawing the inference that the walk had been in a defective condition for such a length of time as to require the municipal authorities to take notice of that fact, within the rule laid down by the learned trial justice defining "constructive notice." And as the jury had the witnesses before them, and were thereby enabled—as we are not—to determine just what weight should be given their evidence, we are disinclined to interfere with their verdict, even though it may not be in entire harmony with our views upon this branch of the case.    We therefore pass to the consideration of another question, and the one upon which the learned counsel for the appellant apparently places his main reliance in his effort to reverse the judgment and order appealed from.

It is insisted that the plaintiff cannot maintain his action for the reason that it was not brought within one year after the accident occurred.    And, in support of this contention, recourse is had to chapter 572 of the Laws of 1886, section 1 of which reads as follows, viz.:

"No action against the mayor, aldermen and commonalty of any city in this state, having fifty thousand inhabitants or over, for damages for personal injuries alleged to have been sustained by reason of the negligence of such mayor, aldermen and commonalty, or of any department, board, officer, agent or employee of such corporation, shall be maintained, unless the same shall be commenced within one year after the cause of action therefor shall have accrued."

It would undoubtedly be a sufficient answer to this proposition of the learned counsel to suggest that the limitation imposed by the statute just quoted is not pleaded in the answer as a defense to the action, but for the fact that, for some reason which does not clearly appear, such omission was not adverted to when the question was raised upon the trial, in consequence of which it is claimed that the same has been waived by the plaintiff, and cannot now be considered.    We entertain serious doubt as to whether or not the claim that this objection has been waived can be sustained.    But, without determining that question, we have reached a conclusion adverse to the defendant's contention, and are content to rest our decision upon the ground that the statute of 1886, which, although general in its application to cities of a specified class, to which class the defendant unquestionably belongs, has nevertheless no relation to the case in hand, for the reason that the legislature has, by express enactment, provided another and a different limitation as to actions to recover damages for personal injuries against this particular defendant.    The charter of the city of Syracuse, as revised and amended by chapter 26 of the Laws of 1885, contained this provision, viz.:

"Sec. 250.  The city of Syracuse shall not be liable in a civil action for any injury or damage resulting from any defect or improper condition in or upon any street or side walk, unless written notice, specifying the time, place and cause of such injury, or damage shall be served on the mayor or city clerk within six months after the injury or damage was received, nor unless an action shall be commenced

within one year after the service of such notice. No action to recover or enforce any such claim against the city shall be brought until the expiration of forty days after the claim shall have been presented in the manner and form above provided."

The act of 1886 did not in express terms repeal this section, nor is there anything in its language which discloses an intention upon the part of the legislature to amend or modify the same; and the case, therefore, even upon this state of facts, would seem to come within the rule that a special and local statute is not repealed or amended by a statute general in its terms, unless the intent to repeal or alter is manifest, although the general act would, but for the special law, include the cases provided for by the latter. In re Central Park, 50 N. Y. 493; McKenna v. Edmundstone, 91 N. Y. 231; People v. New York Catholic Protectory, 101 N. Y. 195, 200, 4 N. E. 177; Buffalo Cemetery Ass'n v. City of Buffalo, 118 N. Y. 61, 22 N. E. 962; Boechat v. Brown, 9 App. Div. 369, 41 N. Y. Supp. 467. We are not unmindful of the defendant's contention that this case furnishes an exception to the rule adverted to; nor have we overlooked the case of In re Dobson, 146 N. Y. 357, 40 N. E. 988, which at first glance appears to sustain such contention. It will be found, however, upon a more careful examination, that the Dobson Case is easily distinguishable from the one under consideration in several essential particulars, which we deem it unnecessary to refer to with more particularity, inasmuch as there is another, and perhaps a stronger, reason why the general act should be regarded as inapplicable to the city of Syracuse, arising from the fact that subsequent to its enactment, and in 1888, section 250 of the defendant's charter was amended and modified, but the provision requiring notice of an injury to be served upon the mayor or city clerk within six months after the same was received, and an action for such injury to be commenced within one year after the service of such notice, was re-enacted. Laws 1888, c. 449. It must be assumed that the legislature, in this as in every similar case, acted deliberately and with full knowledge of existing statutes; and, if so, it necessarily follows that, in re-enacting this provision of its charter, it intended to perpetuate a local and special law for the government of this particular municipality, instead of subjecting it to the provisions of the general act. Ely v. Holton, 15 N. Y. 595; Moore v. Mausert, 49 N. Y. 332; Van Denburgh v. Village of Greenbush, 66 N. Y. 1; Ottman v. Hoffman, 7 Misc. Rep. 714, 28 N. Y. Supp. 28. It is not disputed that the plaintiff served the proper notice upon the mayor and city clerk within six months after receiving his injury, nor that this action was commenced within one year after such notice was so served. Strict compliance with the requirements of the charter being thus established, we are unable to discover any reason why the judgment and order appealed from should be reversed.

Judgment and order affirmed, with costs. All concur, except GREEN, J., dissenting.