PEOPLE ex rel. YOUNG et al. v. GULVIN et al.

(Supreme Court, Trial Term, Ontario County. May, 1914.)

1. STATUTES (§ 181*)—CONSTRUCTION—INTENT OF LEGISLATURE.

   In construing statutes, the intent of the Legislature must govern.

   [Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 259, 263; Dec. Dig. § 181.*]

2. STATUTES (§ 162*)—CONSTRUCTION—IMPLIED REPEAL.

   A special statute, applicable to one locality or to a particular case, is not repealed by implication by a statute general in its terms and otherwise state-wide in its application, unless the legislative intent to do away with the special statute appears.

   [Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 235–237; Dec. Dig. § 162.*]

3. HEALTH (§ 3*)—BOARDS OF HEALTH—STATUTES—APPOINTMENT AND TENURE.

   Public Health Law (Laws 1893, c. 661) § 20, provided that local boards of health in the several cities and villages, except certain named cities, should be continued and should consist of the mayor and six other persons appointed by the common council, upon nomination of the mayor, for a term of three years. The charter of the city of Geneva (Laws 1897, c. 360) provided that the board of health should consist of five members appointed by the mayor for terms of five years. Although several times re-enacted for purposes of amendment, the Public Health Law has continued practically the same provisions, and despite these amendments, Geneva charter has, through several amendments and re-enactments, continued its original provisions. Held, that Geneva charter was not repealed by the Public Health Law, and the board of health of that municipality should be appointed by the mayor for a term of five years.

   [Ed. Note.—For other cases, see Health, Cent. Dig. § 2; Dec. Dig. § 3.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. HEALTH (§ 3*)—BOARDS OF HEALTH—APPOINTMENT BY MAYOR.

   Where the mayor of a municipality, though authorized under the law to appoint members of the board of health, upon a vacancy occurring, filed a written document with the clerk of the common council, nominating the respondent for appointment by the council, the written nomination will, upon the respondent's taking oath of office, be treated as an appointment by the mayor.

   [Ed. Note.—For other cases, see Health, Cent. Dig. § 2; Dec. Dig. § 3.*]

5. HEALTH (§ 3*)—BOARDS OF HEALTH—APPOINTMENT BY THE MAYOR.

   Where the mayor, through a misapprehension of the law, appointed respondent as a member of the board of health for a term of three years when the term should have been five years, the improper limitation of respondent's term will be disregarded, and he may hold for the full term.

   [Ed. Note.—For other cases, see Health, Cent. Dig. § 2; Dec. Dig. § 3.*]

Quo warranto by the People, on the relation of Gardner B. Young and others, against Reuben H. Gulvin and others and William S. Moore. Judgment for relators and the last-named respondent.

W. Smith O'Brien, of Geneva, for plaintiffs.

Nathan D. Lapham, of Geneva, for defendants.

SUTHERLAND, J. This action is to determine which of two rival boards is the lawful board of health of the city of Geneva, the old board, whose regularity is asserted by the relators, consisting of five members, four of whom were appointed prior to 1914 by the mayor under the charter of that city for terms of five years each, which period has not expired, or the new board, consisting of the seven defendants, six of whom were appointed by the common council for terms of three years, upon nomination of the mayor in January, 1914, pursuant to the Public Health Law, or that interpretation thereof for which the defendants contend, the mayor ex-officio being the seventh member, if that law governs the situation.

We must decide whether the charter of Geneva or the Public Health Law controls the appointment. The three relators, together with E. H. Eaton and Patrick J. Casey, constituted the board which was in office December 31, 1913. They had been appointed in previous years by the mayor pursuant to the city charter for terms of five years each. The term of Commissioner Casey expired by limitation on that day, but the terms of the others have not expired, if the charter method of appointment controls, in which case the relators should be recognized and restored to their office, which has been taken possession of by the new board of seven members. The new board has been appointed upon the theory that the charter provision has been abrogated by certain amendments to the Public Health Law which have been passed since the Geneva charter was enacted.

[1-3] This question is not free from doubt, but it seems to me that the local charter prevails, and has not been repealed or modified by the Public Health Law in this respect, and that accordingly the relators must have the relief demanded in the complaint.

When Geneva was incorporated as a city in 1897, the Public Health Law (chapter 661 of Laws of 1893, § 20), provided:

"There shall continue to be local boards of health and health officers in the several cities, villages and towns of the state. In the cities, except New York, Brooklyn, Buffalo, Albany and Yonkers, the board shall consist of the mayor of the city, who shall be its president, and at least six other persons, one of whom shall be a competent physician, who shall be appointed by the common council, upon the nomination of the mayor, and shall hold office for three years."

Under the Geneva charter (chapter 360, Laws 1897), the Legislature devised a different scheme for that new city, namely, that its board of health should consist of five members, to be appointed by the mayor for the term of five years each. The Public Health Law has been amended frequently since Geneva became a city, the last amendment to section 20 being chapter 559 of the Laws of 1913; but the general scheme for cities for the appointment by the common council, upon the nomination of the mayor of six commissioners for three years, with the mayor serving ex officio as a member of the board, has been continued as it was before the special legislation respecting Geneva required that in that city there should be a board of only five, who should be appointed by the mayor, not by the common council, and for five years, instead of three. In 1906 (chapter 253), the words, "except in cities of the first and second class," were substituted for the original clause, "except New York, Brooklyn, Buffalo, Albany and Yonkers," in section 20 of the Public Health Law, as quoted above. That was the year when the Legislature framed a general act for the government of cities of the second class. The clause "excepting cities of the first and second class" does not operate to include, within the operation of said section 20, every other city of the state irrespective of the terms of its own particular charter. Van Denburgh v. Greenbush, 66 N. Y. 1; Whipple v. Christian, 80 N. Y. 523. Since the Geneva charter was enacted with its special legislative design as to that particular city, section 20 of the Public Health Law has been amended seven times by re-enacting the section with minor changes, continuing the scheme for cities generally just as it was before the special legislation for Geneva was passed. In all this I see no evidence whatever that the Legislature intended, by any amendments to the General Law, to destroy the special method made applicable to the city of Geneva by its own peculiar charter. Of course the intent of the Legislature must govern, and all that the decisions of courts in previous cases can do is to aid us in interpreting the intent of the Legislature in this particular case. Under the rules of interpretation, stated again and again, a special statute made applicable to one locality, or for a particular case, is not repealed by implication by a statute general in its terms and otherwise state-wide in its application, unless the intention of the Legislature thereby to do away with the local or exceptional law is manifest, although the terms of the general act would, but for the special act, govern the particular condition or case provided for by the special act. Matter of Comm'rs of Central Park, 50 N. Y. 493; Lewis v. City of Syracuse, 13 App. Div. 587, 43 N. Y. Supp. 455; Buffalo Cemetery Ass'n v. City of Buffalo, 118 N. Y. 61, 22 N. E. 962.

Furthermore, the Geneva charter itself has been amended since 1897, and certain portions thereof, which provide for the appointment of the board of health by the mayor, re-enacted. In the original act of incor-

poration, the appointment of the board of health by the mayor was provided for in three different sections. Section 17 provided that certain city officers shall be elected, and that "all other officers of the city shall be appointed by the mayor and shall be removable by him." Section 18, under the head of "Appointive Officers," provided that "the mayor shall appoint a city attorney * * * five commissioners of health," etc. Section 71 provided in detail for the organization of the board of health, the appointment of a health officer, etc.; that section also fixing the term of the members of the board at five years (except that at the outset only one should hold for five years, and the others for four, three, two, and one years, respectively).

By chapter 296 of the Laws of 1901, and again by chapter 560 of the Laws of 1910, section 18 of the charter was amended and re-enacted without any change in the language that "the mayor shall appoint * * * five commissioners of health"; and by the same act of 1910, section 17 of the charter was amended with the provision continued, as above indicated, that the city officers therein named should be elected, and that all other officers of the city (which would include the health commissioners) should be appointed by the mayor. Between 1897 and 1910, section 20 of the Public Health Law had been re-enacted for the sake of minor amendments six times; but the Legislature evidently considered the city charter to be still effective in respect to the appointment of the members of the board of health, and there is nothing about the similar amendment of the Public Health Law in 1913 which changes the situation.

[4, 5] I am inclined to hold that the defendant Moore is entitled to be recognized as a member of the legal board. He was appointed in January, 1914, to succeed Commissioner Casey, whose term expired by lapse of time December 31, 1913. In a written communication to the common council signed by him, dated January 8, 1914, the mayor said:

"Pursuant to law and the authority vested in me thereby, I hereby nominate, subject to your approval, the following persons to serve in the official capacities designated * * * for health commissioner or member of the board of health, to succeed P. J. Casey, William S. Moore, Esq., of the city of Geneva, N. Y., for a term of three years from the 1st day of January, 1914, and whose term of office will expire on the 31st day of December, 1916."

This certificate of nomination was filed with the city clerk, who ex officio is the clerk of the common council, and the defendant Moore took and filed the regular oath of office as commissioner of health after his nomination by the mayor had been confirmed by the common council. Although the power of appointment of health commissioners is vested exclusively in the mayor, nevertheless the written nomination of the defendant Moore for that office to succeed Casey is a sufficient appointment under the law. The submission of the same by the mayor to the common council for its approval, being unnecessary, may be disregarded entirely. People ex rel. Kresser v. Fitzsimmons, 68 N. Y. 514. It is true the certificate of nomination or appointment, as we choose to call it, purports to limit Moore's term to three years. This limitation, however, was placed in the certificate upon what the court now finds to be a misconception of the law as to the statutory term of

office. The attempted limitation of the term to three years is invalid, but the limitation does not make his appointment void; it will be held good for the full statutory term of five years. Stadler v. City of Detroit, 13 Mich. 346; People v. Dooley, 171 N. Y. 74, 63 N. E. 815.

Accordingly, I hold that the lawful board of health of the city of Geneva consists of the three relators and E. H. Eaton, whose term of office under his original appointment was to extend until December 31, 1916, and the defendant William S. Moore.

Findings may be prepared and judgment entered in accordance with these views.