HON. STEPHEN J. WING Corporation Counsel, Poughkeepsie
This is in response to your recent request for an opinion of the Attorney General wherein you ask whether or not a member of the Common Council of the City of Poughkeepsie may be appointed to the Poughkeepsie Housing Authority in view of the language contained in the Charter of the City of Poughkeepsie, § 36, which provides, in part, as follows:
 "* * * No member of the common council shall be eligible to be appointed to any office outside the council, by the city manager, mayor or common council, during the term for which he shall have been elected. * * *"
The Charter of the City of Poughkeepsie was enacted by Laws of 1896, chapter 425. Section 36 was amended by Laws of 1910, chapter 632 and Local Law No. 8 of 1949. From its inception in 1896, section 36 contained a provision that no member of the Common Council would be eligible to be appointed to any office by the Mayor or Common Council.
Public Housing Law, Title 34, § 437, contained in Article XIII thereof, created and established the Poughkeepsie Housing Authority and provides, in part, as follows:
 "A municipal housing authority, to be known as the Poughkeepsie Housing Authority, is hereby created and established for the city of Poughkeepsie in the county of Dutchess for the accomplishment of any or all of the purposes specified in article eighteen of the constitution of the state of New York. * * * It shall have the powers and duties now or hereafter conferred by this chapter upon municipal housing authorities. It shall be organized in the manner prescribed by and subject to the provisions of this chapter, and the authority, its members, officers and employees and its operations and activities shall in all respects be governed by the provisions of this chapter." (Emphasis supplied.)
Public Housing Law, § 30(4), provides, in part, as follows:
 "4. Not more than one member of an authority may be an official or an employee of the municipality at any one time. In the event that an official or an employee as a member of the authority, acceptance or retention of such appointment shall not be deemed a forfeiture of his municipal office or employment, or incompatible therewith or affect his tenure or compensation in any way. * * *" (Emphasis supplied.)
In People v. Gulvin, 149 N.Y.S. 117 (Supreme Court, Ontario County, 1914), affd. 164 App. Div. 768, it was stated:
 "Under the rules of interpretation, stated again and again, a special statute made applicable to one locality, or for a particular case, is not repealed by implication by a statute general in its terms and otherwise state-wide in its application, unless the intention of the Legislature thereby to do away with the local or exceptional law is manifest, although the terms of the general act would, but for the special act, govern the particular condition or case provided for by the special act. Matter of Comm'rs of Central Park, 50 N.Y. 493, Lewis v. City of Syracuse, 13 App. Div. 587, 43 N.Y. Supp. 455; Buffalo Cemetery Ass'n v. City of Buffalo, 118 N.Y. 61, 22 N.E. 962."
We conclude that the language used in Public Housing Law, § 30(4), manifested a clear legislative intent that one member of a municipal housing authority may be an officer or employee of the municipality for the benefit of which the housing authority was created notwithstanding a charter provision of the municipality which might prohibit such appointment. Thus, a member of the Common Council of the City of Poughkeepsie may be appointed to membership on the Poughkeepsie Housing Authority provided he is the only officer or employee of the City of Poughkeepsie so appointed.