The Buffalo City Cemetery, Appellant, *v.* The City of Buffalo, Respondent.

Statutes conferring exemptions from taxation are to be strictly construed.

The provision of section 10, of the act providing for the incorporation of rural cemetery associations (Chap. 133 Laws of 1847), which exempts the lands and property of such associations, from " all public taxes, rates and assessments," does not apply to a municipal assessment to defray the expenses of a local improvement.

Public taxes, rates and assessments are those which are levied for some public or general use or purpose, in which the person assessed has no direct, immediate and peculiar interest. Those charges and impositions, which are laid directly upon the property in a circumscribed locality, to effect some work of local convenience, beneficial to the property especially assessed for the expense of it, are not public, but are local and private, so far as this statute is concerned.

(Decided November 28th, 1871.)

Appeal from judgment of the General Term of the Superior Court of the city of Buffalo, reversing a judgment in favor of plaintiff, entered upon the decision of the court at Special Term, and dismissing plaintiff's complaint.

This is an action brought by the Buffalo City Cemetery, for the purpose of having declared null an assessment upon its lands, levied by the defendant to defray the expenses of a sidewalk, which the city of Buffalo has caused to be constructed on Main street, in said city, and along lands owned by the plaintiff.

In 1868, the common council of the city of Buffalo directed a sidewalk to be laid on both sides of Main street between Delavan avenue and Steele street. The sidewalk not being laid by the owners of the lands fronting on the street, the common council subsequently took proceedings, under the charter, to construct the same, and caused said sidewalk to be laid, and caused to be made an assessment roll for the purpose of levying a tax to defray the expense of constructing said sidewalk. The plaintiff is a rural cemetery association, incorporated under chapter 133 of the Laws of 1847, and is

the owner of some portion of the lands in front of which the sidewalk was constructed. It was assessed in said roll the sum of $54.54. The lands assessed are held and owned for cemetery purposes only. The court at Special Term held the assessment void, and granted an injunction to restrain its collection.

*S. Clinton*, for appellant. Plaintiff's lands are exempted from assessment. (Laws of 1847, chap. 133, § 10.) The word " public " only modifies " taxes," not " rates and assessments." (*Cushing* v. *Worrick*, 9 Gray, 382.) Statutes are to be so construed as to give meaning to each clause, sentence and word. (*James* v. *Dubois*, Harr., 285 ; *Hutchin* v. *Niblo*, 4 Blackf., 148 ; Op. of Justice, 22 Pick., 571 ; *Levissur* v. *Reynolds*, 13 Iowa [5 Will.], 310.) Local assessments are not embraced under the term " taxes." (*Matter of Nassau St.*, 11 Johns., 77 ; *Sharp* v. *Spier*, 4 Hill, 76.) The intent of the legislature must govern in construing statutes. (31 N. Y., 289 ; *Rex* v. *London Gas Light Co.*, 8 B. & C., 54 ; *Rex* v. *Scott*, 3 D. & E., 602 ; *Edington* v. *Borman*, 4 D. & E., 4 ; *Regina* v. *St. Leonards*, 2 C. B., 347.) A private statute, giving an exemption, is not repealed by a subsequent general one, directing a tax in general terms. (4 D. & E., 2.)

*B. H. Williams*, for respondent. This assessment is not a public one, within the meaning of the act of 1847. (Greenl. Ev., 128 ; *Weeks* v. *Sparks*, 1 M. & S., 679, per BAYLEY, J. ; *Shoalwater* v. *Armstrong*, 9 Humph., 222 ; *Fairfield* v. *Ratcliff*, 20 Iowa, 398 ; *In re Mayor, etc., of N. Y.*, 17 Johns., 77 ; 4 Zabriskie, 385 ; *Northern Liberties* v. *St. John's Ch.*, 13 Penn., 104 ; *Canal Trustees* v. *The City of Chicago*, 12 Ill., 403 ; *Mayor, etc., of Baltimore* v. *G. M. Cemetery*, 7 Md., 517 ; *S. U. Society* v. *City of Providence*, 6 R. I., 235 ; *Alexander* v. *Mayor of Baltimore*, 5 Gill, 396.) Exemptions from taxation to be strictly construed. (*Com. Council* v. *McLean*, 8 Ind., 328.) The city charter passed in 1853 is subsequent to the act, and if the two are repugnant, the

charter repeals the other. (See *Harrington* v. *Trustees Roch.*, 10 Wend., 547; Bac. Abr., tit. Statutes, D; *Ex parte Caruthers*, 9 East, 4; *Harcourt* v. *Fox*, 1 Shaw, 520; *Brown* v. *Osborne*, 2 Cow., 457; *Daviess* v. *Fairbaun*, 3 How. U. S., 643; *The Dexter and Limerick Plank Road Co.* v. *Allen*, 16 Barb., 15; *Milne* v. *Huber*, 3 McLean, 212.)

FOLGER, J. The defendant by its charter, is empowered to "cause * * * sidewalks * * * to be constructed, * * * and the expenses to be assessed upon the real estate of (the) city benefited by such improvement, in proportion to the benefits resulting thereto" (Laws, 1853, p. 447, chap. 230; 1856, p. 132, chap. 99, §§ 19, 30, title 8); and "all owners * * * in front of whose premises the common council shall direct sidewalks to be constructed * * * shall make (them) at their own costs; but if not done in the manner and * * * time prescribed, the common council may cause them to be constructed, * * * and assess the expense thereof upon the premises respectively."

The defendant having undertaken to exercise these powers upon the property of the plaintiff, it claims that it is exempt therefrom, by the provisions of the general statute under which it is incorporated. (Laws of 1847, chap. 133, p. 125.) That act exempts its lands and property from "all public taxes, rates and assessments." (§ 10.) From this, we can readily perceive, that the intent of the legislature was to relieve the property of this association from many burdens which other property bears; and from this and other provisions of the act, which debar the sale or application of it in payment of the individual debts of the associates, and which make inalienable under certain circumstances, the subdivisions of the lands, that the intent was to preserve the property against a forced diversion from the purposes for which it was acquired. But the recognition of this general intent will not warrant us in going beyond a fair interpretation of the particular language used to apply it to the details. Taxation is a burden. It is a common burden, for the common good. The person

or the class which is exempted therefrom is a favored one.  A statute giving favors at the expense of the public is not to be liberally interpreted.  Statutes conferring exemptions from taxation are to be strictly construed.  (*Orr* v. *Baker*, 4 Ind., 86.)

Nor are we to be controlled in the disposition of this case, solely by the consideration, that the statute in its intent to preserve this class of property, for the particular use for which it is acquired and managed by the association, is in consonance with public policy and good morals.  However repugnant to proper sentiment it may be to have such property the subject of sale by process, it is for the legislature to say how far that sentiment shall be regarded, and it is for the court to interpret and apply the language used to that end.  Apt words are used in this enactment, to preserve the property from sale on execution or voluntary application for the payment of the debts of an associate and from being alienated by him.  If there are not words, whose established meaning exempts from the usual municipal assessments, a new meaning cannot be given to those employed ; and it must be inferred that it was not contemplated that the association would be endangered by such assessments, made as they generally are, and resulting as they sometimes do, for the benefit of the property.

The adjective "public," in the clause above quoted, applies to the nouns "rates" and "assessments," as well as to the noun "taxes."  And the use of it limits the meaning, and implies that there were in the view of the framers of the statute, taxes, rates and assessments, other than those which it designates as public, and from which the plaintiff is not to be exempted.  Be the meaning of the word "public," as used in this statute, the opposite of "private" or the opposite of "local," as is diversely contended, or the opposite of both, as may well be, still it must be that the legislature meant to limit its favor, and to imply that there were certain taxes, rates and assessments not public, from which the plaintiff was not to be exempted ; and to these, whatever they are, the plaintiff is liable.

We think that the current of the authorities in this State and in some of the sister States runs to this result; that public taxes, rates and assessments, are those which are levied and taken out of the property of the person assessed, for some public or general use or purpose, in which he has no direct, immediate and peculiar interest; being exactions from him toward the expense of carrying on the government, either directly and in general, that of the whole commonwealth, or more mediately and particularly, through the intervention of municipal corporations; and that those charges and impositions which are laid directly upon the property in a circumscribed locality, to effect some work of local convenience, which in its results is of peculiar advantage and importance to the property especially assessed for the expense of it, are not public, but are local and private so far as this statute is concerned. (*The People* v. *The Mayor, etc.*, 4 Comst., 419; and cases there cited, p. 433, *et seq. ; Fairfield* v. *Ratcliff*, 20 Iowa, 398; *City of Patterson* v. *The Society, etc.*, 4 Zabriskie, N. J., 385; *The North. Lib.* v. *St. John's Church*, 13 Penn. St. Rep., 104; *The Canal Trustees* v. *The City of Chicago*, 12 Ill., 403; *The Mayor, etc.*, v. *The Proprietors, etc.*, 7 Maryland, 517; *Le Fevre* v. *Mayor, etc.*, 2 Mich., 586.)

It is plain that the assessment of which the plaintiff complains falls within the last class, and is local and private. In our judgment, the exemption conferred by the act of 1847 does not relieve the plaintiff from it.

The judgment appealed from must be affirmed with costs to the respondent.

All concur, except PECKHAM, not voting.

Judgment affirmed.