(63 App. Div. 448.)

## OAKLAND CEMETERY v. CITY OF YONKERS.

(Supreme Court, Appellate Division, Second Department. July 25, 1901.)

1. CEMETERIES—LOCAL IMPROVEMENT—ASSESSMENT—EXEMPTION.

   Under Laws 1879, c. 310, § 1, providing that no land actually used and occupied for cemetery purposes should be sold under execution for any tax or assessment; nor shall such tax or assessment be levied, collected, or imposed on such property, a cemetery association, organized under Laws 1847, c. 133, is not liable for a special assessment to construct a sewer.

2. STATUTE—REPEAL.

   Laws 1881, c. 184, tit. 8, § 16, providing that the expense of local improvements in a certain city shall be apportioned and assessed on lands benefited thereby, did not repeal by implication Laws 1879, c. 310, exempting cemetery associations from taxation so long as the land of the association was used for cemetery purposes.

Appeal from special term, Westchester county.

Action by Oakland Cemetery against the city of Yonkers. From a judgment vacating an assessment of plaintiff's property and enjoining the collection thereof, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

James M. Hunt, for appellant.

William W. Scrugham, for respondent.

SEWELL, J. The plaintiff is a cemetery association, organized under chapter 133 of the Laws of 1847, and is the owner of real estate in the city of Yonkers which it actually uses and occupies for cemetery purposes. The cemetery has a frontage on Sawmill River road and Ashburton avenue of about 1,200 feet. The defendant levied upon the cemetery an assessment of $1,940, as being the sum determined as the amount of the benefit to the property by the construction of a sewer in Ashburton avenue and other streets in the city of Yonkers, and this action was brought to set aside the assessment, and to restrain the defendant from collecting it.

Section 10, c. 133, Laws 1847, provides that "the cemetery lands and property of any association, formed pursuant to this act, shall be exempt from all public taxes, rates, and assessments, and shall not be liable to be sold on execution," etc. It was held in Buffalo City Cemetery v. City of Buffalo, 46 N. Y. 506, that this exemption did not apply to a municipal assessment to defray the expenses of

a local improvement, the court holding that the adjective "public," in the clause above quoted, applied to the nouns "rates" and "assessments," as well as to the noun "taxes," and that "the legislature meant to limit its favor, and to imply that there were certain taxes, rates, and assessments, not public, from which the plaintiff was not to be exempted." Eight years later the legislature passed an act (chapter 310, Laws 1879) entitled "An act to prevent the sale of lands used for cemetery purposes," which contained a clear and unequivocal provision exempting all lands actually used and occupied for cemetery purposes from any tax, assessment, or other civil imposition. Section 1 provides that:

"No land actually used and occupied for cemetery purposes shall be sold under execution or for any tax or assessment, nor shall such tax or assessment be levied, collected, or imposed, nor shall it be lawful to mortgage such land, or to apply it in payment of debts, so long as it shall continue to be used for such cemetery purposes."

Section 2 provides that:

"Whenever any such land shall cease to be used for cemetery purposes, any judgment, tax, or assessment which, but for the provisions of this act, would have been levied, collected, or imposed, shall thereupon forthwith, together with interest thereon, become and be a lien and charge upon such land, and collectible out of the same."

Section 3 declares that "the provisions of this act shall not apply to any lands held by the city of Rochester."

That the effect of this act was to exempt from local assessment cemeteries exempted from taxation by section 10 of the act of 1879, as well as to exempt cemetery lands not before exempt from what are called "public" or "general" taxes, rates, or assessments, was expressly held in Buffalo Cemetery Ass'n v. City of Buffalo, 118 N. Y. 61, 22 N. E. 962. In that case the defendant claimed the right to make assessment upon the lands of the plaintiff, a cemetery association, for the grading of a street adjoining its property, and the court said:

"It is not questioned but that prior to the passage of chapter 310 of the Laws of 1879 the local authorities possessed the power of making an assessment for grading and paving adjoining plaintiff's premises. It was so determined by this court in the case of Buffalo City Cemetery v. City of Buffalo, 46 N. Y. 506. But the act referred to is a general act, and declares that no land actually used for cemetery purposes shall be sold under execution for any tax or assessment. If that act be applicable to lands owned and used for cemetery purposes within the limits of the city of Buffalo, the assessment in question is unlawful."

Our attention is called to the case of People v. Pratt, 129 N. Y. 68, 29 N. E. 7, where Judge Earl said:

"The act of 1879 is not an amendment of the act of 1847, and does not relate to cemeteries owned by corporations organized under that act. It relates to other cemeteries not established under that act. This fully appears from section 2. * * * That section plainly has no reference to a corporation organized under the act of 1847, for the reason that, independently of the act of 1879, no tax could be levied upon the lands of such a corporation, the exemption from taxation being due to the act of 1847, and not to that of 1879. The purpose of that act was to secure to cemeteries, not established under the act of 1847, exemption from taxation, and other immunities which they did not before possess."

In that case the cemetery association was incorporated under the act of 1847. No dead bodies had been buried in the cemetery, and the assessors contended that it was for that reason liable to be assessed under the provisions of section 2 of the act of 1879. The question whether the exemption given by that statute applied to lands owned by a corporation organized under the act of 1847 was not before the court. The case did not call for the remark of the learned judge that the "act of 1879 is not an amendment of the act of 1847, and does not relate to cemeteries owned by a corporation organized under that act." It is clear that the reason given for this dictum does not apply to the question now in controversy, and that the act of 1879 was intended to be and is applicable to all cemeteries or lands actually used and occupied for cemetery purposes.

The general provisions in the charter of the city of Yonkers (section 16, tit. 8, c. 184, Laws 1881), that "the expenses of certain local improvements shall be apportioned and assessed upon lands benefited thereby," does not repeal by implication the act of 1879, so far as it is applicable to the city of Yonkers. These provisions are not so inconsistent that one or the other must be rejected. They must be read together, and construed as if they were contained in one and the same act of legislation.

The judgment appealed from should be affirmed, with costs. All concur.