(62 Misc. Rep. 534.)

GOUVERNEUR VILLAGE v. GOUVERNEUR CEMETERY ASS'N.

(Supreme Court, Trial Term, St. Lawrence County. March, 1909.)

1. MUNICIPAL CORPORATIONS (§ 434*)—ASSESSMENTS—EXEMPTION OF CEMETERY ASSOCIATION.

Laws 1879, p. 397, c. 310, provides that no land occupied for cemetery purposes shall be sold under execution for any taxes or assessments, nor shall any tax or assessment be imposed thereon. *Held*, that a rural cemetery association cannot be assessed for a sidewalk along lands used by it exclusively for cemetery purposes which have been plotted for burial lots and sold for burial purposes, and the assessment thereon is illegal and void.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1048; Dec. Dig. § 434.*]

2. MUNICIPAL CORPORATIONS (§ 434*)—ASSESSMENTS—EXEMPTION OF CEMETERY ASSOCIATION.

Laws 1898, p. 1280, c. 539, providing for assessments for sidewalks, etc., and further providing that no property is exempt from assessment except as provided by Laws 1866, p. 610, c. 273, as amended by Laws 1898, p.

---

1280, c. 539, does not repeal Laws 1879, p. 397, c. 310, exempting from assessments lands occupied for cemetery purposes.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 434.*]

Action by Gouverneur Village against the Gouverneur Cemetery Association. Demurrer to answer overruled.

Howard R. Sturtevant, for plaintiff.
E. H. Neary, for defendant.

VAN KIRK, J. In August, 1908, the village of Gouverneur served on defendant a notice to build a sidewalk along the westerly side of its property and on the easterly side of William street in said village. Defendant did not construct the sidewalk, and plaintiff constructed it at a cost of $862.64. Thereafter, pursuant to a resolution of the board of trustees of said village, passed at a regular meeting on October 28, 1908, a hearing for the assessment of the amount due from said defendant to the plaintiff was appointed to be held November 11, 1908, of which hearing the defendant had due notice; and thereupon the said $862.64 was assessed against the defendant for the building of said walk. The defendant has not paid the amount of the assessment. The plaintiff has brought this action and by its complaint says that the defendant is a corporation, incorporated June 24, 1857, pursuant to the provisions of the act entitled "An act authorizing the incorporation of rural cemetery associations," passed by the Legislature of the state of New York April 27, 1847, and the acts amendatory thereto. The act of 1847 is chapter 133. The action is brought to recover the amount of the assessment, $862.64.

In the answer the defendant has set up, under paragraph "No. 1," chapter 310, p. 397, of the Laws of 1879, as a defense, claiming: That the defendant was organized as alleged in the complaint; that the lands of defendant are used exclusively and have been since the incorporation of defendant used exclusively for cemetery purposes; that the lot has been plotted and burial lots sold to a great number of persons for a valuable consideration for the purpose of burying the dead; that these lot owners have a proprietary right to use the lots for such purpose; that the plaintiff, under said chapter 310, p. 397, of the Laws of 1879, had no right to levy or impose a tax or assessment against the defendant for the building of the sidewalk referred to in the complaint, or for any other purpose; and that the said assessment is null and void under the laws of the state of New York.

To this defense, "No. 1," the plaintiff has demurred on the ground that the defense is insufficient in law on the face thereof. This is the trial of the demurrer.

Laws 1879, p. 397, c. 310, provides:

"Section 1. No land actually used and occupied for cemetery purposes shall be sold under execution or for any tax or assessment, nor shall said tax or assessment be levied, collected or imposed, nor shall it be lawful to mortgage such land, or to apply it in the payment of debts, so long as it shall continue to be used for such cemetery purposes.

"Sec. 2. Whenever any such land shall cease to be used for cemetery purposes, any judgment, tax or assessment which but for the provisions of this act would have been levied, collected or imposed, shall thereupon forthwith, together with the interest thereon, become and be a lien and charge upon such land and collectible out of the same."

Under the authorities (Matter of City of New York, 192 N. Y. 459, 85 N. E. 755; Oakland Cemetery v. City of Yonkers, 63 App. Div. 448, 71 N. Y. Supp. 783, affirmed 182 N. Y. 564, 75 N. E. 1132; Matter of Mayor, etc., 118 App. Div. 117, 103 N. Y. Supp. 180; Matter of White Plains, 112 App. Div. 130, 98 N. Y. Supp. 63) it must be held that the assessment is illegal and void, unless the said chapter 310, p. 397, has been in effect repealed by Laws 1898, p. 1280, c. 539, which is paragraph 113 of the village law, as follows:

"An assessment for paving, sewers, fire protection, constructing or repairing sidewalks, sprinkling streets, trimming trees or keeping sidewalks or streets clear of weeds, ice, snow or other accumulations, is a lien prior and superior to every other lien or claim, except the lien of an existing tax or local assessment upon the real property improved or benefited, from the date of the final determination of the amount thereof until it is paid or otherwise satisfied or discharged. No real property is exempt from assessment for a purpose specified in this section, except as provided in section five of chapter 273 of the Laws of 1866 entitled 'An act authorizing the incorporation of associations to erect monuments to perpetuate the memory of soldiers who fell in defense of the Union,' as amended by chapter 299 of the Laws of 1888."

The other provisions of the statute cited by the plaintiff I do not think are applicable to this case; and, if the demurrer is sustained, it must be because this provision of the village law has in effect repealed said chapter 310. In the above cases cited the courts have taken the positive ground that chapter 310, p. 397, of the Laws of 1879, absolutely prohibits the imposition of any assessment upon lands actually used and occupied for cemetery purposes. If it had been intended by paragraph 113 of the village law to repeal said chapter 310, the said chapter would have been recited in the list of acts repealed at the time. Paragraph 113 provides that no real property is exempt from assessment for a purpose specified in this section. It does not provide that the property shall not be exempt from sale under an execution, or for any tax or assessment. So far as paragraph 113 is concerned therefore it cannot be said to repeal that portion of the said chapter 310 which exempts land actually used and occupied for cemetery purposes from sale under execution or for a tax or assessment, that is, from the enforcement of the assessment; and consequently, if, in compliance with plaintiff's contention, we give both acts full effect and hold that paragraph 113 repeals chapter 310, so far as its provisions are apparently in conflict with said chapter 310, we should take the position that the assessment could be made but the tax could not be collected. It has been suggested in several decisions that, under paragraphs 1 and 2 of chapter 310, it was the intention to allow the tax to be assessed but not to be collected until such time as the land should cease to be held solely for cemetery purposes. This position, however, is disapproved directly in Matter of City of New York, 192 N. Y. 459–469, 85 N. E. 755; also in Matter of White Plains Presbyterian Church, 112 App. Div. 130, 98 N. Y. Supp. 63.

While not holding that paragraph 113 of the village law in effect repeals said chapter 310, still, giving full force and effect to paragraph 113, and allowing chapter 310 to stand except so far as it is apparently in conflict with paragraph 113, we must hold that the demurrer is not good, because, although paragraph 113 may permit an assessment against the property of the defendant, it is not in conflict with that part of chapter 310 which forbids the collection of the tax while the lands of defendant are used solely for cemetery purposes, as they are in this case.

It has been held that the statutes providing that expenses for local improvements shall be apportioned and assessed upon lands benefited do not, by implication, repeal Laws 1879, p. 397, c. 310. Oakland Cemetery v. City of Yonkers, 63 App. Div. 448–451, 71 N. Y. Supp. 783. The reasoning in People v. Pratt, 129 N. Y. 68, 29 N. E. 7, does not apply to this case, because the exemption provided for by the Laws of 1847 affects only public taxes and assessments and has been held not to apply to assessments for local improvements. The assessment in question in this action is for a local improvement, and so is not covered by that exemption; but Laws 1879, p. 397, c. 310, applies to all lands used solely for cemetery purposes, and therefore covers this case.

This action is brought to enforce and collect the assessment against defendant's lands; and, though the assessment for a local improvement may be permissible under paragraph 113 of the village law, its enforcement is unlawful under chapter 310.

The demurrer is overruled, with costs.

Demurrer overruled, with costs.