### GOUVERNEUR VILLAGE v. GOUVERNEUR CEMETERY ASS'N.

(Supreme Court, Appellate Division, Third Department.   December 3, 1909.)

1. TAXATION (§ 245*)—EXEMPTIONS—CEMETERIES—CONSTRUCTION OF STATUTE.
   Statutes relating to exemption from taxation of cemetery associations are governed by no peculiar rule and are subject to no strained construction.
   [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 415; Dec. Dig. § 245.*]

2. MUNICIPAL CORPORATIONS (§ 408*)—SPECIAL ASSESSMENTS—EXEMPTIONS— CEMETERIES.
   Village Law (Laws 1897, p. 405, c. 414), § 113, as amended by Laws 1898, p. 1280, c. 539, provides that a sidewalk assessment is a lien superior to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

every other lien or claim, except existing taxes or local assessments, from the date of the final determination of the amount thereof until satisfied, and that no real property is exempt from assessment for the purpose specified in the section, with an immaterial exception. Laws 1879, p. 397, c. 310, § 1, provides that no land actually used and occupied for cemetery purposes shall be subjected to or sold for any tax or assessment. Section 2 provides that whenever land shall cease to be used for cemetery purposes any judgment tax or assessment which, but for the act, would have been imposed, shall become a lien on the land and collectible out of it. *Held,* that the village law impliedly repealed Laws 1879, p. 397, c. 310, so far as it is applicable to villages, so that land used for a cemetery in a village would be liable for sidewalk assessments.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1005; Dec. Dig. § 408.*]

3. MUNICIPAL CORPORATIONS (§ 434*)—SPECIAL ASSESSMENTS—EXEMPTIONS— CEMETERIES.

Even if Village Law (Laws 1897, p. 405, c. 414), § 113, as amended by Laws 1898, p. 1280, c. 539, in connection with Laws 1879, p. 397, c. 310, be capable of a construction authorizing a sidewalk assessment against cemeteries, which would become a lien enforceable only after the cemetery property has ceased to be used as a cemetery, it would be no complete defense, in an action against a cemetery, to compel payment of such an assessment, since, under Village Law (Laws 1897, p. 423, c. 414), § 168, a judgment could be obtained, enforceable at least out of personal property of the cemetery association or corporation or land not "actually used and occupied for cemetery purposes," if such were found, and which would be a lien on the lands actually used for cemetery purposes, if at any time they should cease to be so used.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1048; Dec. Dig. § 434.*]

Chester and Sewell, JJ., dissenting.

Appeal from Trial Term, St. Lawrence County.

Action by Gouverneur Village against Gouverneur Cemetery Association. Judgment of dismissal, and plaintiff appeals. Reversed and new trial ordered.

See, also, 62 Misc. Rep. 534, 116 N. Y. Supp. 1107.·

Argued before SMITH, P. J., and CHESTER, KELLOGG, SEWELL, and COCHRANE, JJ.

Howard R. Sturtevant, for appellant.
E. H. Neary, for respondent.

SMITH, P. J. The plaintiff is a village duly organized in the state ·of New York, subject to the provisions of the general village law (Laws 1897, p. 366, c. 414). The defendant is a cemetery association, incorporated under chapter 133, p. 125, Laws 1847. By resolution duly passed, the defendant was required by the trustees of the plaintiff village to build a sidewalk upon the street adjoining the real estate owned and used by the defendant as a cemetery. The defendant neglected to build the sidewalk, which was afterwards built by the plaintiff at an expense of $862.64, which amount was assessed against the defendant. This action is brought to procure a judgment for the payment by the defendant corporation of said sum. At the Trial Term

the plaintiff's complaint was dismissed, and from the judgment entered upon the order dismissing the same this appeal has been taken.

Plaintiff rests its case upon section 113 of the village law as amended by chapter 539, p. 1280, Laws 1898. That section reads as follows:

"Sec. 113. Lien of Assessment for Local Improvement. An assessment for * * * constructing or repairing sidewalks * * * is a lien prior and superior to every other lien or claim, except the lien of an existing tax or local assessment, upon the real property improved or benefited from the date of the final determination of the amount thereof until it is paid or otherwise satisfied or discharged. No real property is exempt from assessment for a purpose specified in this section, except as provided in section 5 of chapter 273 of the Laws of 1866, entitled 'An act authorizing the incorporation of associations to erect monuments to perpetuate the memory of soldiers who fell in defense of the Union,' as amended by chapter 299 of the Laws of 1888."

The defendant, however, claims exemption under chapter 310, p. 397, Laws 1879. That act is entitled "An act to prevent the sale of lands used for cemetery purposes," and reads as follows:

"Section 1. No land actually used and occupied for cemetery purposes shall be sold under execution or for any tax or assessment, nor shall such tax or assessment be levied, collected or imposed, nor shall it be lawful to mortgage such land, or to apply it in payment of debts, so long as it shall continue to be used for such cemetery purposes.

"Sec. 2. Whenever any such land shall cease to be used for cemetery purposes, any judgment, tax or assessment which, but for the provisions of this act, would have been levied, collected, or imposed, shall thereupon forthwith, together with interest thereon, become and be a lien and charge upon such land, and collectible out of the same.

"Sec. 3. The provisions of this act shall not apply to any lands held by the city of Rochester."

A single question is here for decision: Has the village law impliedly repealed chapter 310 of the Laws of 1879, so far as the same is applicable to villages?

The respondent first urges that no such repeal was intended, because chapter 310 of the Laws of 1879 is not among the laws included in the schedule of laws repealed as appended to the general village law. This argument seems in part to have been relied upon by the learned judge at Trial Term; but the act of 1879 was a general act, referring not only to villages, but to the whole state—cities, villages, and towns. The village law, while assuming to enact rules for the government of villages, did not assume to affect the operation of any existing law in respect to cities or towns; and, assuming that it was the intention to modify the law as to villages, this law clearly would not be included in the schedule of laws repealed as annexed to the general village law. The respondent further urges that there is a sanctity encircling the place of the dead, by reason of which the courts will go a great length in construing statutes to protect those places and to relieve them from the general burdens of the public. This answer would seem to be answered by the course of judicial decision in the state. In Buffalo City Cemetery v. City of Buffalo, 46 N. Y. 506, the court held that a provision of law exempting cemeteries from "all public taxes, rates, and assessments did not apply to a municipal assessment to defray the ex-

penses of local improvement"; and in discussing this question Judge Folger uses the following language:

"Taxation is a burden. It is a common burden, for the common good. The person or the class which is exempted therefrom is a favored one. A statute giving favors at the expense of the public is not to be liberally interpreted. Statutes conferring exemption from taxation are to be strictly construed."

If from this decision may be gleaned the attitude of the court, it would seem to be inferable that in the opinion of the court a cemetery association should bear its proportion of the cost of a local improvement affecting the value of the association property. Again, in the case of the Buffalo Cemetery Association against the City of Buffalo, reported in 118 N. Y. 61, 22 N. E. 962, it was held that the general provisions of chapter 310 of the Laws of 1879 did not repeal the special charter provisions of the city of Buffalo which made the cemeteries in that city subject to taxation for local improvement. From these two citations it would seem that statutes relating to taxation of cemetery associations are governed by no peculiar rule and are subject to no strained construction.

Applying the general rules of construction to the provision of the village law upon which the plaintiff relies, it seems to me that the defendant's liability for this assessment is undoubted. In the first place, this assessment is made a prior lien upon the real property improved or benefited by the local improvement. That of itself would probably not subject this property to this tax, in view of the case of Oakland Cemetery v. City of Yonkers, reported in 63 App. Div. 448, 71 N. Y. Supp. 783, which case has been affirmed without opinion in the Court of Appeals. It was there held that such language was not necessarily inconsistent with the provisions of chapter 310 of the Laws of 1879; but, as if that decision were in mind, the Legislature proceeded to enact "no real property is exempt from assessment for a purpose specified in this section" with a single exception. The village law as originally passed had in it the explicit provision that no real property was exempt from assessment for the purpose specified in the section. The amendment of 1898 simply excepted from the provision property upon which were erected monuments in perpetuation of the memory of soldiers who fell in defense of the Union. This provision of the village law is clear and emphatic. It leaves no room for construction. No more explicit language could have been used by the Legislature to subject the properties of charitable and cemetery associations to assessment for a lien for local improvement. Whatever sentimental reasons may exist for protecting these cemetery associations, they are more properly addressed to the Legislature than to the courts. In the light of this unequivocal declaration of the obligations of all property within a village to assessments for those purposes, it is not the province of the court to indulge in speculation as to whether the Legislature meant what it said.

It is strenuously urged on the part of the defendant that, even if this village law be deemed to authorize an assessment upon cemetery land for a local improvement, it must be read in connection with chapter 310 of the Laws of 1879, and as so read would authorize the as-

sessment, which would become a lien enforceable only after the cemetery property has ceased to be used as a cemetery. This contention is based upon the decision in the Matter of New York, 192 N. Y. 459, 85 N. E. 755, where it seems to have been held that sections 1 and 2 of the act of 1879 were not reconcilable, because by the first section no assessment was allowed to be imposed upon the cemetery land for any purpose. To my mind the court would be traveling far afield to reach such a construction. If such had been the intent of the village law, it would seem that, in view of this decision in the Court of Appeals, it would have been accomplished by language more explicit or by an amendment of the act of 1879. The broad provision that no real property is exempt from assessment for this improvement, by irresistible inference subjects all real property within the city to an enforceable lien. The amount of the benefit assessed upon the cemetery land could not be assessed upon other land, and the municipality would be left in the incongruous position of being unable to collect an assessment for municipal improvement apportionable to this land from anybody for an indefinite time. Such a construction the court will be slow to adopt.

But assume for the argument that such a construction should be given to the statute, the demurrer in my judgment is still well taken. The defense does not assume to be a partial defense, but is alleged as a complete defense to the plaintiff's cause of action. By section 168 of the village law, it is provided that, for the amount so assessed for this local improvement, an action may be brought by the village against the owner or occupant. Such right of action is in no way inconsistent with the object of chapter 310 of the Laws of 1879. That act is entitled "An act to prevent the sale of land used for cemetery purposes." We may assume for the argument that if this judgment were obtained this land could not be sold. Nevertheless the cemetery association may have personal property or land not "actually used and occupied for cemetery purposes" out of which this assessment could be collected. In such case there is neither legal nor equitable objection to the requiring of this payment. In the Matter of New York, cited supra, attention was called to section 1004 of the charter of the city of New York (Laws 1901, p. 429, c. 466), which made the assessment a personal liability against the owner, and it was there sought to enforce this personal liability; but the court there held that, under the first section of chapter 310 of the Laws of 1879, no assessment whatever could be levied or imposed, and, because an assessment was a condition precedent to a personal liability, that such personal liability did not exist. Now upon the assumption made the effect of this village law must be to amend the Laws of 1879, so as to authorize the assessment, and, if so, it is not apparent why, under section 168 of the village law, this plaintiff has not a good cause of action to recover a judgment which shall be enforceable at least out of the personal property of the corporation or land not "actually used and occupied for cemetery purposes," if such be found, and which shall be a lien upon the lands actually used for cemetery purposes if at any time they shall cease to be so used. When such a judgment is sought to be enforced against the land "actually used and occupied for cemetery purposes," the defendant has full opportunity to protect itself.

In my judgment therefore the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

KELLOGG and COCHRANE, JJ., concur on the ground last stated in the opinion.

CHESTER, J. (dissenting). The act under which the defendant was organized (chapter 133, p. 125, Laws 1847) exempted the cemetery lands and property of any association formed under it from "all public taxes, rates and assessments." The Court of Appeals, in Buffalo City Cemetery v. City of Buffalo, 46 N. Y. 506, by putting a very strict construction upon that act, held that the exemption therein did not apply to a municipal assessment for a local improvement. Thereafter the Legislature, by a general law (chapter 310, p. 397, Laws 1879), in order apparently to overcome the effect of that decision, enacted that:

"No land actually used and occupied for cemetery purposes shall be sold under execution or for any tax or assessment, nor shall such tax or assessment be levied, collected, or imposed, nor shall it be lawful to mortgage such land, or to apply it in payment of debts, so long as it shall continue to be used for such cemetery purposes."

It seems to me clear that a sound public policy requires that neither the state nor any municipality should lay burdens upon public cemetery grounds that shall result in disturbing the permanency of the resting place of the dead. This policy found expression in the statute under which the defendant was organized, and when the courts, by a strict construction of the language there employed, seemed to defeat the legislative intent, the Legislature again, by a general law, passed an act in terms so clear as to be free from all doubt that lands actually used and occupied for cemetery purposes shall be free from all taxation and from all assessments. This has been held to include assessments for local improvements. Matter of White Plains Presbyterian Church, 112 App. Div. 130, 98 N. Y. Supp. 63; Matter of Mayor, 118 App. Div. 874, 103 N. Y. Supp. 1069; Matter of City of New York, 192 N. Y. 459, 85 N. E. 755.

I cannot think, in view of this general public policy and of the sacred regard of all our people for the final resting place of their dead, that we should hold that the principle which found such clear expression in chapter 310 of the Laws of 1897 has been repealed by implication by the amendment to the village law, referred to in the prevailing opinion. That the Legislature did not intend to work such a radical change in the policy of the state in subsequently enacting the provision in section 113 of the village law (chapter 414, p. 405, Laws 1897), that "no real property is exempt from assessments for a purpose specified in this section," one of which is an assessment for a local improvement, is apparent from the fact that it did not include the act of 1879 (chapter 310) in its schedule of acts repealed, attached thereto.

It was held, in People ex rel. Roosevelt Hospital v. Raymond, 194 N. Y. 189, 87 N. E. 90, that a statutory exemption from taxation should not be held to be repealed by implication by the general tax

law thereafter enacted, where to do so will result in the violation of a promise by the state.

I think the courts should hesitate a long while, under the circumstances presented here, before holding that the statute granting cemetery corporations exemption from taxes and assessments has been repealed by implication. For these reasons, I think the judgment should be affirmed, with costs.

SEWELL, J., concurs with CHESTER, J.

POLO et al. v. STEVENS, Superintendent of Public Works, et al.

(Supreme Court, Special Term, Monroe County.  December 17, 1909.)

1. PLEADING (§ 214*)—DEMURRER—ADMISSIONS.

In a complaint for injunction, relying wholly on what appears on the face of statutes, under which defendants are acting, to establish their unconstitutionality, an allegation of what is provided for by the statutes is nothing more than plaintiffs' construction thereof, and is not an allegation of fact admitted by a demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 527; Dec. Dig. § 214.*]

2. CANALS (§ 3*) — THE BARGE CANAL ACT — CONSTITUTIONALITY—"IMPROVEMENT."

[Ed. Note.—For other cases, see Canals, Dec. Dig. § 3.*

For other definitions, see Words and Phrases, vol. 4, pp. 3452–3460; vol. 8, pp. 7682, 7683.]

3. STATES (§ 152*)—BARGE CANAL BONDS—PROVISIONS FOR PAYMENTS—SUFFICIENCY.

If the annual tax provided for by Laws 1903, p. 332, c. 147, to pay the Barge Canal bonds issued pursuant thereto, levied only during the 18 years the bonds are to run and till they become due as provided therein, is sufficient, it complies with the provision of Const. art. 7, § 4, that such tax shall be sufficient to pay the bonds.

[Ed. Note.—For other cases, see States, Dec. Dig. § 152.*]