SPRINGFIELD, L. I., CEMETERY SOCIETY, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

(Argued March 18, 1936; decided April 21, 1936.)

*Daniel Day Walton* for appellant.

*Paul Windels, Corporation Counsel (Frances W. Lehrich, Paxton Blair* and *Oscar S. Cox* of counsel) for respondent,

LOUGHRAN, J.   The question is whether land owned by a cemetery corporation is subject to taxation and assessment.

Plaintiff is a domestic cemetery corporation.   It was organized in 1908 under the Membership Corporations Law (Cons. Laws, ch. 35) and then acquired for cemetery purposes real property in the borough of Queens, city of New York.   That property is used for the interment of the dead and is not taxed or assessed. · This controversy has no relation to that property.

In 1924 the plaintiff at a cost of $57,000 acquired eighty additional acres of land contiguous to its burial ground by a conveyance which recited that the plaintiff " hereby acquires and takes by this deed the property herein described for the purposes of the convenient trans-

action of its general business." No interment has been made in this land which, without profit to the plaintiff, is used for the parking of motor vehicles, the cultivation of sod and shrubbery, the manufacture of materials for monument foundations, the housing of workmen, and the stabling and feeding of horses. It is this accessory tract that is here involved and what follows refers only to this property.

From 1924 to 1927, inclusive, the defendant city of New York imposed taxes upon the property, but in 1928 declared it exempt from taxation and did not tax it thereafter until 1932. Since then the city has levied taxes against it and in 1929 assessed it for a sanitary sewer improvement. In this action judgment is demanded declaring that the city is without power to subject the property to the burdens that have been laid upon it.

The Special Term dismissed the complaint for failure of the plaintiff to show that the property had been acquired with the consent of the municipal authorities as prescribed either by section 1539-a of the Greater New York Charter (Laws of 1901, ch. 466, as amd.), or in any case by section 451 of the Real Property Law (Cons. Laws, ch. 50) and sections 62 and 65 (now §§ 73 and 75) of the Membership Corporations Law. The Appellate Division affirmed on the ground that the property was not by law tax exempt in any event.

Since we are in agreement with the view of the Appellate Division, we find it unnecessary to pass upon the ruling of the Special Term.

Authority to a cemetery corporation to hold real estate "for the convenient transaction of the general business of the corporation" was first conferred by the Laws of 1892, chapter 498. Section 1 of that statute provided "that such real estate shall *not* be exempt from public taxes, rates and assessments." That provision was repealed by the Laws of 1895, chapter 559, which enacted in place thereof what then became a part of section 45

of the Membership Corporations Law as follows: "A cemetery corporation may acquire, otherwise than by condemnation * * * additional real property * * * for the purposes of the convenient transaction of its general business, *no portion of which shall be used for the purposes of a cemetery.*" Except for omission of the word "general" this provision of the Membership Corporations Law is now a part of section 75 of that statute (Laws of 1926, ch. 722).

Plaintiff's main position can be stated in a sentence. It is that when in 1895 the Legislature thus substituted the phrase, "such real estate shall not be exempt from public taxes, rates and assessments," by the phrase, "no portion of which [real property] shall be used for the purposes of a cemetery," the public policy of the State was declared to be that land held by a cemetery corporation "for the convenient transaction of its general business" shall be exempt "from public taxes, rates and assessments." We think plaintiff's presentation of the problem by no means comprehends all the factors entering into it.

In 1895 there was in our statutes the provision, now found in section 450 of the Real Property Law, that "No land actually used and occupied *for cemetery purposes* shall be sold under execution or for any tax or assessment, nor shall such tax or assessment be levied, collected or imposed * * * so long as it shall continue to be used *for such cemetery purposes.*" This text was first enacted by chapter 310 of the Laws of 1879. "The purpose of that act was to secure to cemeteries not established under the act of 1847, exemption from taxation and other immunities which they did not before possess." (*People ex rel. Oak Hill Cemetery Assn.* v. *Pratt*, 129 N. Y. 68, 75.) The act of 1847 was chapter 133 of the Laws of that year: "An act authorizing the incorporation of rural cemetery associations." It provided for the formation of associations "for the purpose of procuring and holding lands to be used exclusively

for a cemetery, or place for the burial of the dead " (§ 1). Any such association was, within limits, thereby empowered to take by purchase or devise land " to be held and occupied exclusively for a cemetery for the burial of the dead " (§ 4), and to " take and hold any property, real or personal, bequeathed or given upon trust, to apply · the income thereof * * * for the improvement or embellishment of such cemetery, * * * or any of the lots or plats * * * " (§ 9). These provisions of the act of 1847 have been replaced by article IX of the Membership Corporations Law (Laws of 1895, ch. 559, art. 3, as amd.). Section 10 of the act of 1847 provided: " The cemetery lands and property of any association, formed pursuant to this act, shall be exempt from all public taxes, rates, and assessments." That section was repealed by chapter 40 of the Laws of 1909, after the courts had decided " that the act of 1879 was intended to be and is applicable to all cemeteries or lands actually used and occupied for cemetery purposes." (*Oakland Cemetery* v. *City of Yonkers*, 63 App. Div. 448, 451; 182 N. Y. 564.) (See, also, Tax Law [Cons. Laws, ch. 60], § 4.)

Against this background, what is now section 75 of the Membership Corporations Law is to be construed in its setting as part of a general system of legislation dealing with the acquisition of real property by cemetery corporations. In that view it is clear to us that the exemption from taxation or assessment of " land actually used and occupied for cemetery purposes " (Real Property Law, § 450) does not extend to " additional real property " held by a cemetery corporation " for the purposes of the convenient transaction of its business, no portion of which shall be used for the purposes of a cemetery " (Membership Corporations Law, § 75).

The judgment should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and FINCH, JJ., concur.

Judgment affirmed.